IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMY ROBINSON,[1] | § | |
| | § | |
| Respondent Below, | § | No. 128, 2016 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| KAREN SMART, | § | File No. CK14-02074 |
| | § | Petition No. 15-07855 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: October 31, 2016
Decided: January 9, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 9th day of January 2017, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The appellant, Amy Robinson ("the Mother"), filed this appeal from a Family Court order granting a petition for guardianship filed by the appellee, Karen Smart ("the Grandmother"). We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

(2)     The Mother and Jason Smart ("the Father") are the parents of a son ("the Son") born in February 2007. On March 24, 2015, the Grandmother, the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Father's mother, filed an emergency *ex parte* petition for guardianship of the Son. A Family Court commissioner granted the emergency petition.

(3) The commissioner scheduled a hearing on the petition for April 2, 2015. On March 29, 2015, the hearing notice and petition were served on the Father and the Mother. The Father and the Mother resided at the same address as the Grandmother.

(4) The Grandmother, the Father, and a Division of Family Services ("DFS") representative appeared for the April 2, 2015 hearing. The Mother did not appear. The Father testified that he wanted the Grandmother to have guardianship of the Son.

(5) The DFS representative testified that she had been investigating allegations of substance abuse by the Father and the Mother. Based on the Son's statements and the parents' admissions of drug use, DFS entered into a child safety agreement with the Grandmother. DFS had performed a home assessment of the Grandmother's house and determined that it was appropriate for the Son. Under the child safety agreement, the Grandmother agreed not to leave the Son unsupervised with the Father or the Mother. Based on the parties' testimony, the agreement of the Father and DFS, and the lack of response from the Mother, the Family Court found the Son would be at immediate and irreparable risk of harm if

the Grandmother's petition for guardianship was not granted and granted the petition.

(6)     On August 14, 2015, the Mother filed a petition for confidential address.  The Mother asked for her address to be kept confidential due to alleged misconduct by DFS, the Grandmother, and the Father.  In opposition to the petition, the Grandmother alleged that the Mother had threatened to take the Son out of state.

(7)     An adjudicatory hearing was held on September 29, 2015.  The Grandmother, the Father, and a DFS representative appeared for the September 29, 2015 hearing.  The Mother again did not appear.

(8)     The Grandmother and the Son asked for the Grandmother's guardianship of the Son to continue.  The DFS representative stated that the Father had completed his case plan with DFS, had been clean for six months, and had continued to receive substance abuse treatment.  The DFS representative also stated that the Grandmother had removed the Mother, who was using drugs, from her home as DFS requested.

(9)     Based on the Father's consent to the Grandmother's guardianship and the Mother's failure to appear, the Family Court granted the Grandmother's petition for guardianship.  The Family Court also denied the Mother's petition to keep her address confidential.  This appeal followed.

3

(10)   This Court's review of a Family Court decision includes a review of both the law and the facts.[2]  Conclusions of law are review*ed de novo*.[3]  We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[4]

(11)   On appeal, the Mother argues that the Grandmother and the Father prevented her from learning of the April 2, 2015 hearing.  The Mother claims she arrived for the September 29, 2015 hearing, but was not allowed to enter the courtroom because she was fifteen minutes late.  The Mother also claims it was the Father, not her, who posed a risk to the Son's welfare, there was perjury and hearsay at the Family Court hearings, and the Grandmother was not allowing her to visit the Son.  Based on these allegations, the Mother asks for joint custody or regular visitation with the Son.

(12)   The Mother admits she did not attend the April 2, 2015 hearing, and at best, claims she came late to the September 29, 2015 hearing.  The Mother never responded to the guardianship petition filed by the Grandmother to register any objection, and was thus already in default.[5]  Not only that, although the Mother

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*
[5] Under Family Court Civil Rule 8(b), an answer is required is all civil actions, except for petitions in which child support is the sole issue.  A default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought fails to appear, plead or otherwise defend."  Fam. Ct. Civ. R. 55(a).

claims she was only fifteen minutes late to the September 29, 2015 hearing, there is no record that she attempted to write the Family Court judge to complain that she had been late and not admitted to the courtroom. Rather, consistent with the failure to answer the petition, the Mother took no action in the Family Court to raise this concern, and has raised it for the first time on appeal. Because none of the Mother's claims were before the Family Court in the first instance, we will not consider them for the first time on appeal.[6] We note that parents have the right to visitation with their children to the extent delineated by the guardianship order[7] and the Family Court guardianship order does not address the parents' visitation with the Son (presumably because the Father lives with the Grandmother and the Mother failed to appear at the hearing). We further note that a guardianship may be modified at any time if modification is in the best interests of the child.[8] We find no error or abuse of discretion in the Family Court's ruling. We therefore affirm the Family Court order granting the Grandmother's petition for guardianship and denying the Mother's petition to keep her address confidential.

---

[6] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review...."); *Zappa v. Logan*, 2013 WL 4538215, at *1 (Del. Aug. 23, 2013) (finding appellant's explanation for missing hearing and evidence to refute allegations of abuse were outside record and would not be considered on appeal).

[7] 13 *Del. C.* § 2331(a)(1).

[8] 13 *Del. C.* § 2332(b).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice